UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

SCOTT KELLY HANSEN,                     Civil File No. 07-749 (RHK/FLN)

           Petitioner,

v.                                         **REPORT AND RECOMMENDATION**

REGINALD A. WILKINSON,
(Director), Ohio D.O.C.,

           Respondent.

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for a writ of habeas corpus. (Docket No. 1.) The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that this matter be transferred to the United States District Court for the Southern District of Ohio.

## I. BACKGROUND

Petitioner is an inmate at the Minnesota Correctional Facility at Oak Park Heights, Minnesota, ("MCF-OPH"), but he is not serving a sentence imposed by a Minnesota state court. Petitioner is presently serving a federal prison sentence imposed by a federal court, and his legal custodian is the federal Bureau of Prisons, ("BOP"). The BOP apparently has made arrangements with the Minnesota Department of Corrections to have Petitioner confined at MCF-OPH. According to Petitioner, his current housing arrangements were made for "protection reasons."

Petitioner is not seeking to be released from MCF-OPH at this time, nor is he challenging the federal prison sentence that he is now serving. Instead, Petitioner is

challenging a warrant issued against him by the State of Ohio – more specifically, by the Adult Parole Authority of the Division of Parole and Community Services of the Department of Rehabilitation and Correction of the State of Ohio. (Petition, [Docket No. 1], Exhibit (A). p. 1.) This warrant was issued in August 2005, because Petitioner is accused of violating the terms of his parole stemming from a 1981 Ohio state criminal conviction. The State of Ohio has asked the BOP to lodge the warrant against Petitioner as a detainer. (Id., p. 2.) Ohio parole authorities plan to "extradite" Petitioner back to Ohio after he has completed his federal prison sentence,[1] and then conduct parole revocation proceedings. (Id.)

Petitioner's current habeas corpus petition challenges the validity of Ohio's warrant and detainer. Petitioner claims that he has fully served the Ohio state prison sentence from which he was paroled, and that he cannot be prosecuted as a parole violator. He is seeking a writ of habeas corpus that would vitiate the Ohio warrant and detainer that have been lodged against him.

For the reasons discussed below, the Court finds that Petitioner's habeas corpus claims should not be addressed in this district, but rather, that the case should be transferred to the district in which the Ohio parole authorities are located, namely the Southern District of Ohio.[2]

## II. DISCUSSION

Because Petitioner is currently incarcerated here in Minnesota, he can properly seek

---

[1] According to the BOP's website, Petitioner is expected to complete his federal prison term in 2014.

[2] Petitioner's submissions indicate that the agency that issued the parole violator warrant and detainer is located in Columbus, Ohio, which is in the Southern District of Ohio.

habeas corpus relief in this district, even though he is challenging an Ohio warrant and detainer. Weeks v. Wyrick, 638 F.2d 690, 692 (8th Cir. 1981) ("a court has jurisdiction to entertain a petition for habeas corpus relief whenever it can serve process on the custodian"). See also Koetting v. Thompson, 995 F.2d 37, 39 (5th Cir. 1993) (federal prisoner confined in Texas and challenging a Missouri detainer could properly seek habeas relief in a Texas district court, because the Texas court and the district courts in Missouri had "concurrent jurisdiction over the habeas petition").

Generally speaking, a habeas corpus petition should be filed in the district court where the petitioner is confined, because in most cases a writ of habeas corpus is directed to the petitioner's immediate custodian, who is normally the warden at the prison where he is confined. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973). See also Rules Governing Section 2254 Cases In The United States District Courts, Rule 2, "Advisory Committee Notes" ("[t]he proper person to be served [with a petition for writ of habeas corpus] in the usual case is either the warden of the institution in which the petitioner is incarcerated... or the chief officer in charge of state penal institutions").

However, the district in which a habeas petitioner is currently confined is not always the only district in which habeas relief can be sought. If a prisoner is challenging some contemplated future confinement, which may occur in some district other than the one in which he is currently confined, then he may be able to seek habeas relief in the district in which such future confinement is being asserted. In Braden, for example, an Alabama prisoner was allowed to seek habeas relief in a Kentucky district court, because he was challenging a Kentucky detainer that had been filed against him. 410 U.S. at 498-99. See also Rumsfeld v. Padilla, 542 U.S. 426, 438 (2004) ("a habeas petitioner who challenges

a form of 'custody' other than present physical confinement may name as respondent the entity or person who exercises legal control with respect to the challenged 'custody'"). Because Petitioner in this case is challenging a detainer issued by the State of Ohio, his current petition could have been filed in an Ohio district court, as well as in the Minnesota District Court. <u>Koetting</u>, 995 F.2d at 39 (where habeas petitioner challenges a detainer issued by a state other than the one in which he is incarcerated, "concurrent jurisdiction" exists in the state that issued the detainer and the state where the petitioner is incarcerated).

When habeas jurisdiction could properly be exercised in either of two states, as is the case here, it is necessary to consider which state is the most appropriate <u>venue</u> for the action. <u>Weeks</u>, 638 F.2d at 693 ("[o]nce the custodian is properly served,... it is still proper to consider the most convenient forum for the litigation"). If a prisoner is challenging a claim of future custody, which is being asserted by a state other than the state in which he is currently confined, then it normally is preferable for the case to be heard and decided in the state asserting the claim of future custody. <u>Braden</u>, 410 U.S. at 499, n. 15. <u>See</u> also <u>Wilkins v. Erickson</u>, 484 F.2d 969, 973 (8th Cir. 1973) (habeas petition filed by a Montana prisoner housed in a South Dakota prison was properly transferred from the District of South Dakota to the District of Montana, because Montana, being the place of conviction, was the preferable venue).

Applying traditional venue considerations here, the Court finds that this action should be litigated in Ohio, rather than Minnesota. Although Petitioner happens to be physically

4

present in Minnesota right now,[3] his claims will require the application and interpretation of Ohio law, which can best be done by an Ohio court. An Ohio court will also be in the best position to determine whether Petitioner has properly exhausted whatever state court remedies might be available to him under Ohio law. Furthermore, the judicial and administrative records that are pertinent to Petitioner's claims presumably are located in Ohio, and the parties who will have to respond to Petitioner's claims – namely the Ohio parole authorities – are located in Ohio.[4] Based on all of these considerations, the Court finds that the best venue for this case is not Minnesota, but Ohio.

Because the agency that issued Petitioner's detainer is located in the Southern District of Ohio, (see n. 2, supra), the Court will recommend that this action be transferred to that District, pursuant to 28 U.S.C. § 1404(a). See Braden, 410 U.S. at 499, n. 15 ("[w]here a prisoner brings an action in the district of confinement attacking a detainer lodged by another State, the court can, of course, transfer the suit to a more convenient forum"). See also Smart v. Goord, 21 F.Supp.2d 309, 315 (S.D.N.Y. 1998) (habeas petition filed by New Hampshire prisoner held in New York prison was transferred to New Hampshire because that state was a more appropriate venue).

## III.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

---

[3] The BOP presumably could transfer Petitioner to a different facility in a different state at any time, which would eliminate Minnesota's single tenuous connection to this matter.

[4] It appears that the named Respondent, "Reginald A. Wilkson (Director) Ohio D.O.C.," apparently is located in Ohio. While this factor is not determinative, it does further suggest that Ohio is the preferable venue for this action.

**IT IS HEREBY RECOMMENDED** that:

The Clerk of Court be directed to transfer this action to the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1404(a).

Dated: February 7 , 2007

                                              s/ *Franklin L. Noel*
                                              FRANKLIN L. NOEL
                                              United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **February 27, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.